01

02

03

04

05

06

07                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
08                             AT SEATTLE

09  CHARLES HEALEY on behalf of          )    CASE NO. C10-5679-RAJ
    SARAH HEALEY (deceased),             )
10                                       )
              Plaintiff,                 )
11                                       )    REPORT AND RECOMMENDATION
              v.                         )    RE: SOCIAL SECURITY DISABILITY
12                                       )    APPEAL
    MICHAEL J. ASTRUE, Commissioner      )
13  of Social Security,                  )
                                         )
14            Defendant.                 )
    _____ )
15

16          Plaintiff, on behalf of deceased claimant Sarah Healey, proceeds through counsel in his

17  appeal of a final decision of the Commissioner of the Social Security Administration

18  (Commissioner).    The Commissioner denied Ms. Healey's applications for Disability

19  Insurance Benefits (DIB) and Supplemental Security Income (SSI) after a hearing before an

20  Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative

21  record (AR), and all memoranda of record, the Court recommends that this matter be

22  REMANDED for further administrative proceedings.

REPORT AND RECOMMENDATION
PAGE -1

01                    **FACTS AND PROCEDURAL HISTORY**

02        Claimant was born on XXXX, 1982.[1]   She had a high school education and previously

03   worked as an assembler and fast food worker.   (AR 21-22.)

04        Claimant filed an application for DIB, and protectively for SSI, on June 19, 2007,

05   alleging disability beginning September 16, 2006.   She is insured for DIB through December

06   31, 2011.   (AR 12.)   Claimant's application was denied at the initial level and on

07   reconsideration.   Claimant timely requested a hearing. On October 24, 2000, ALJ Ruperta M.

08   Alexis held a hearing, taking testimony from claimant, a medical expert, a vocational expert,

09   and claimant's mother.   (AR 29-84.)   On December 4, 2009, the ALJ issued a decision finding

10   claimant not disabled.   (AR 12-23.)

11        Claimant timely appealed.   The Appeals Council denied claimant's request for review

12   on July 26, 2010. (AR 456-60), making the ALJ's decision the final decision of the

13   Commissioner.   Claimant appealed this final decision of the Commissioner to this Court.

14                              **JURISDICTION**

15        The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

16                               **DISCUSSION**

17        The Commissioner follows a five-step sequential evaluation process for determining

18   whether a claimant is disabled.   *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).   At step one, it

19   must be determined whether the claimant is gainfully employed.   The ALJ found claimant had

20   not engaged in substantial gainful activity since the alleged onset date.   At step two, it must be

21   _____
         1 Unless otherwise specified, "plaintiff" will refer to Charles Healey, and "claimant" will refer to
22   decedent Sarah Healey.   Claimant's date of birth is redacted back to the year of birth in accordance with Federal
     Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case
     Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

REPORT AND RECOMMENDATION
PAGE -2

01  determined whether a claimant suffers from a severe impairment.  The ALJ found claimant's

02  disorder of the back, migraines, major depressive disorder, anxiety disorder, cognitive disorder

03  NOS, and somatoform disorder severe.  Step three asks whether a claimant's impairments

04  meet or equal a listed impairment.  The ALJ found that claimant's impairments did not meet or

05  equal the criteria of a listed impairment.  If a claimant's impairments do not meet or equal a

06  listing, the Commissioner must assess residual functional capacity (RFC) and determine at step

07  four whether the claimant has demonstrated an inability to perform past relevant work.  The

08  ALJ found claimant able to perform sedentary work, that is, to occasionally and frequently lift

09  ten pounds, sit for six hours in an eight hour work day with an ability to stand, to get up, move

10  around, and sit again; to stand or walk for two hours in an eight hour work day with the ability

11  to change positions.  Claimant was found to have no manipulative limitations or restrictions, to

12  have nonexertional limitations or restrictions limited to the performance of very simple and

13  repetitive tasks, to have the ability to take breaks in the performance of those simple repetitive

14  tasks, to be unable to sustain concentration for more than two hours at a time without having to

15  change positions, to be unable to perform detailed or complex tasks, and to have very limited

16  interaction with supervisors, co-workers, or members of the public. With that assessment, the

17  ALJ found claimant unable to perform her past relevant work.

18       If a claimant demonstrates an inability to perform past relevant work, the burden shifts

19  to the Commissioner to demonstrate at step five that the claimant retains the capacity to make

20  an adjustment to work that exists in significant levels in the regional or national economy.

21  With the assistance of a vocational expert, the ALJ found claimant capable of performing other

22  jobs, such as work as a bench hand, circuit board touch-up screener, and table worker.

REPORT AND RECOMMENDATION
PAGE -3

01        This Court's review of the ALJ's decision is limited to whether the decision is in

02   accordance with the law and the findings supported by substantial evidence in the record as a

03   whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).   Substantial evidence means

04   more than a scintilla, but less than a preponderance; it means such relevant evidence as a

05   reasonable mind might accept as adequate to support a conclusion.  *Magallanes v. Bowen*, 881

06   F.2d 747, 750 (9th Cir. 1989).   If there is more than one rational interpretation, one of which

07   supports the ALJ's decision, the Court must uphold that decision.  *Thomas v. Barnhart*, 278

08   F.3d 947, 954 (9th Cir. 2002).

09        Plaintiff argues that the ALJ erred in failing to obtain regional job-incidence data at step

10   five, and in finding 23,000 national jobs to be a "significant number."   He assigns error to the

11   ALJ's RFC finding and to the consideration of the testimony of the vocational expert, as well as

12   the evaluation of lay witness testimony.   He requests remand for an award of benefits or,

13   alternatively, for further administrative proceedings.   The Commissioner argues that the ALJ's

14   decision is supported by substantial evidence and free of legal error, and should be affirmed.

15                                    Step Five Finding

16   A.    Dictionary of Occupational Titles (DOT)

17        The ALJ found claimant unable to perform her past relevant work as an assembler and

18   fast food worker, because of limitations in her RFC.  (AR 21-22.)  Therefore, the ALJ

19   proceeded to step five of the sequential evaluation process, and utilized a vocational expert

20   (VE) to identify jobs that claimant could perform.   The VE identified three jobs, that of bench

21   hand, circuit board touch-up screener, and table worker. (AR 22.)   Plaintiff argues that two of

22   the three jobs are inconsistent with the ALJ's RFC finding.   Specifically, the DOT describes

REPORT AND RECOMMENDATION
PAGE -4

01  the positions of bench hand and circuit board touch-up screener as having a reasoning level of

02  two, defined as being able to "carry out <u>detailed</u> but uninvolved written or oral instructions."

03  DOT, Appx. C (available at http://www.occupationalinfo.org/appendxc_1.html#III) (emphasis

04  supplied).

05      Plaintiff notes that the ALJ found claimant unable to "perform detailed or complex

06  tasks[.]"  (AR 18.)  Therefore, plaintiff posits, only one of two possible conclusions may be

07  reached.  If the VE was referring to positions of bench hand and circuit board touch-up

08  screener that differed from the DOT description of the reasoning capacity of those positions, the

09  ALJ erred in failing to elicit a reasonable explanation from the VE as to the discrepancy, and

10  failed to make a finding as to the reasonableness of the explanation.  *Massachi v. Astrue*, 486

11  F.3d 1149, 1152-54 (9th Cir. 2007) (An ALJ has an affirmative responsibility to inquire as to

12  whether a VE's testimony is consistent with the DOT and, if there is a conflict, determine

13  whether the VE's explanation for such a conflict is reasonable.)  In the alternative, plaintiff

14  argues, if the reasoning capacities of the two positions were accurately described in the DOT as

15  level two, the positions exceeded claimant's RFC, which did not include the ability to perform

16  "detailed" tasks.  This would leave only one position identified by the VE as appropriate to

17  claimant's RFC, the position of table worker, which has a reasoning level of one.

18      In response, the Commissioner argues that the ALJ's RFC finding limiting claimant to

19  "very simple and repetitive tasks" was not inconsistent with a reasoning level of two.  *Meissl v.*

20  *Barnhart*, 403 F. Supp. 2d 981, 984 (C.D. Cal. 2005) (finding "simple work" compatible with a

21  GED Reasoning level of 2).  However, unlike the cases cited by the Commissioner, *id.*; *see*

22  *also Terry v. Astrue,* 580 F.3d 471, 478 (9th Cir. 2009); *Renfrow v. Astrue*, 496 F.3d 918, 921

REPORT AND RECOMMENDATION
PAGE -5

01 (9th Cir. 2007), the ALJ in the instant case very specifically found claimant unable to perform

02 "detailed" tasks, as well as restricting her to "simple and repetitive" tasks.  (AR 18.) A

03 reasoning level of one is on the "lowest rung on the development scale" and requires "only the

04 slightest bit of rote reasoning being required." *Meissl*, 403 F. Supp. 2d at 984.  The Court

05 acknowledges the persuasiveness of the Commissioner's argument that the record could

06 support a finding that claimant was capable of a reasoning level greater than level one.

07 However, it is the role of the ALJ to determine credibility and resolve ambiguities and conflicts

08 in the evidence.  The ALJ's judgment should be upheld even if the evidence can equally

09 support another outcome.  *Thomas,* 278 F.3d at 954.  The Court finds the requirements of the

10 positions of bench hand and circuit board touch-up screener inconsistent with the claimant's

11 RFC as assessed by the ALJ.

12      Only the position of table worker has the requisite reasoning level consistent with

13 claimant's assessed abilities.   If existing in sufficient numbers, this job could form the basis for

14 a legally sufficient step five finding of non-disability.  *See, e.g., Tommasetti v. Astrue,* 533

15 F.3d 1036, 1043 (9th Cir. 2008) (upholding the sufficiency of one occupation as substantial

16 evidence support for the ALJ's finding that claimant was not disabled).  Plaintiff, however,

17 poses additional challenges to the ALJ's step five finding.

18 B.    <u>Regional Data and Number of Available Jobs</u>

19      If a social security claimant is found unable to do any past relevant work or does not

20 have any past relevant work, the ALJ must determine whether the claimant can make an

21 adjustment to other work.  20 C.F.R. §§ 404.1520(g), 416.920(g).  At this step of the

22 sequential evaluation process, the testimony of a VE may be utilized to meet the

REPORT AND RECOMMENDATION
PAGE -6

01  Commissioner's burden of establishing the claimant's ability to perform other work.   *Thomas,*

02  *278 F.3d at 955.   See also Martinez v. Heckler,* 807 F.2d 771, 775 (9th Cir. 1986) ("This circuit

03  has consistently held . . . that the definition of disability is based upon the existence of jobs in

04  significant numbers in the national economy.") (citing *Sorenson v. Weinberger,* 514 F.2d 1112,

05  118-19 (9th Cir. 1975)).   Here, in finding claimant not disabled at step five of the sequential

06  evaluation, the ALJ relied on the VE's identification of 23,000 national jobs consistent with

07  claimant's RFC.   The VE did not provide regional job incidence data.   (AR 79-80.)   Plaintiff

08  argues that the ALJ erred in failing to also obtain regional data as to available jobs.   Plaintiff

09  also argues that 23,000 jobs do not constitute a "significant number" such that the

10  Commissioner's step five burden would be satisfied.

11      The Commissioner agrees that the regulations require citation to regional data at step

12  five, but argues that the number of national jobs identified renders harmless the ALJ's failure to

13  obtain this data.   (Dkt 24 at 7.)   The Commissioner contends that the identification of 23,000

14  jobs by the VE, existing in the national economy, is a significant number, citing the Social

15  Security Act's provision that a claimant will be found not disabled if he is capable of

16  "performing his past relevant work or any other work in the <u>national</u> economy."   42 U.S.C. §

17  423(d)(2)(A) (emphasis added).   With this Court's finding that the record does not support the

18  appropriateness of two of the three proffered jobs, the substantial evidence support for the

19  ALJ's step five finding is dependent on the sufficiency of the number of table worker jobs.

20      The VE testified at hearing that 5,000 table worker jobs exist in the national economy.

21  (AR 80.)   The VE did not provide regional job incidence data.   Assuming, as the

22  Commissioner argues, the "significant number" requirement could be satisfied by the

REPORT AND RECOMMENDATION
PAGE -7

01 identification of a sufficient number of positions available in the national economy, this Court

02 is not persuaded that 5,000 jobs available nationally is adequate.   Although this Circuit "has

03 never clearly established the minimum number of jobs necessary to constitute a 'significant

04 number[,]'" *Barker v. Sec'y of Health and Human Services,* 882 F.2d 1474, 1478 (9th Cir.

05 1989), this Court is not aware of any decision in this Circuit finding 5,000 national jobs to be a

06 "significant number[.]"   *Cf. Martinez v. Heckler,* 807 F.2d 771, 774 (9th Cir. 1986) (finding

07 less than 5,000 jobs available in the local metropolitan area to constitute a "significant

08 number").

09        Whether there are a significant number of jobs a claimant is able to perform with her

10 limitations is a question of fact to be determined by a judicial officer.   *Martinez*, 807 F.2d at

11 774.   Therefore, the Court finds it necessary to remand this matter for further findings on this

12 issue.

13                                    RFC Assessment

14        In assessing claimant's RFC, the ALJ found her able to "sit for 6 hours in an 8 hour

15 work day with an ability to stand, to get up, move around, and sit again; can stand or walk for 2

16 hours in an 8 hour work day with the ability to change positions[.]"   (AR 18, emphasis added.)

17 Plaintiff argues this RFC was legally insufficient in that the ALJ failed to determine how long

18 claimant could sit without interruption.   In the alternative, plaintiff argues that, assuming the

19 ALJ's RFC finding is interpreted as requiring an at-will sit/stand option, the RFC was not

20 consistent with the VE's testimony that the proffered jobs would require sitting for "probably a

21 half hour at a time, maybe a little longer[,]" and could not be performed while standing.   (AR

22 81-82.) Therefore, plaintiff argues, substantial evidence does not support the ALJ's step five

01  finding, and claimant should be considered disabled as a matter of law.

02      Responding, the Commissioner disputes plaintiff's contention that the ALJ failed to
03  determine how long claimant could sit without interruption. The ALJ cites the ALJ's finding
04  that claimant was "unable to sustain concentration for more than 2 hours at a time without
05  having to change positions[,]" providing a time frame of two hours for claimant's ability to sit
06  before changing position. (AR 18.) The Commissioner notes the compatibility of this finding
07  with the VE's testimony that the proffered jobs require a worker to maintain a seated position
08  for "a half hour at a time, maybe a little longer." (AR 81.)   In response to plaintiff's argument
09  that the prelusion of an ability to perform these particular jobs while standing was inconsistent
10  with the claimant's RFC, the Commissioner argues that the plaintiff has misinterpreted the
11  RFC.   While the ALJ provided that claimant should have the ability to "stand, get up, move
12  around, and sit again[,]" the ALJ did not indicate that claimant should have the ability to
13  actually perform the work while standing.

14      The Court agrees with the Commissioner that the ALJ did not <u>require</u> claimant to stand
15  for two hours per work day, but rather found that she "<u>can</u> stand or walk for 2 hours in an 8 hour
16  work day with the ability to change positions." (AR 18.)   The ALJ's assessment of claimant's
17  ability to sit for six hours in an eight hour day if she is given the ability to "stand, to get up,
18  move around, and sit again" does not equate to requiring claimant to be given the option to
19  perform the work sitting or standing at will.   The only limitation the ALJ found on the length
20  of time claimant was able to sit without changing positions was claimant's ability to sustain
21  concentration.   In that regard, the ALJ found her able to sit for no more than two hours.   The
22  Court does not find error in the ALJ's assessment of claimant's RFC.

REPORT AND RECOMMENDATION
PAGE -9

01 <u>Evaluation of Lay Witness Evidence</u>

02        Plaintiff assigns error to the ALJ's evaluation of the lay witness statement of claimant's

03 mother.   Plaintiff notes the ALJ rejected the statement because claimant's mother was not a

04 medical professional and because her mother may have been biased, reasons that the plaintiff

05 contends are not legally viable.   The Commissioner argues that the ALJ gave legally sufficient

06 consideration to the mother's testimony "insofar as it is consistent with the claimant's report of

07 suffering from depression since her accident[.]"   (AR 21.)   Further, the Commissioner argues,

08 any error in this regard was harmless, as plaintiff has failed to demonstrate that a different

09 consideration of the testimony would have impacted the ALJ's ultimate decision.

10        Lay witness testimony as to a claimant's symptoms or how an impairment affects ability

11 to work is competent evidence.   *Van Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996).

12 The ALJ can reject the testimony of lay witnesses only upon giving reasons germane to each

13 witness.   *See Smolen v. Chater,* 80 F.3d 1273, 1288-89 (9th Cir. 1996) (finding rejection of

14 testimony of family members because, *inter alia*, they were "'understandably advocates, and

15 biased'" amounted to "wholesale dismissal of the testimony of all the witnesses as a group and

16 therefore [did] not qualify as a reason germane to each individual who testified.") (citing

17 *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993)).   *Accord Lewis v. Apfel*, 236 F.3d 503,

18 511 (9th Cir. 2001) ("[L]ay testimony as to a claimant's symptoms is competent evidence that

19 an ALJ must take into account, unless he or she expressly determines to disregard such

20 testimony and gives reasons germane to each witness for doing so.")   "[W]here the ALJ's error

21 lies in a failure to properly discuss competent lay testimony favorable to the claimant, a

22 reviewing court cannot consider the error harmless unless it can confidently conclude that no

REPORT AND RECOMMENDATION
PAGE -10

01  reasonable ALJ, when fully crediting the testimony, could have reached a different disability

02  determination." *Stout v. Commissioner, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir.

03  2006).

04       This Court agrees with plaintiff that the ALJ failed to give germane reasons for

05  discrediting the statement of claimant's mother because "she is not medically trained and

06  cannot be considered a disinterested third party witness whose testimony would not tend to be

07  colored by affection for the claimant." (AR 21.)   These broad reasons for rejection, consisting

08  of characteristics common to most family members, are not germane to this individual witness

09  as required.   On remand, the ALJ should reconsider this lay witness statement and provide

10  legally sufficient reasons for the weight assigned to it.

11                                       **<u>CONCLUSION</u>**

12       For the reasons set forth above, this matter should be REMANDED for further

13  administrative proceedings.

14       DATED this <u>24th</u> day of May, 2011.

15

16                                              _____
                                                Mary Alice Theiler
17                                              United States Magistrate Judge

18

19

20

21

22

REPORT AND RECOMMENDATION
PAGE -11